2015- 00716

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15- CV- 11631

ULYSSES PENA,
      Plaintiff,

v.

BOSTON POLICE DEPARTMENT,
BOSTON POLICE OFFICER SEAN
SCANNELL, BOSTON POLICE
CANINE HANZ, BOSTON POLICE
SERGEANT SEAN SMITH, BOSTON
POLICE CANINE UNIT,
      Defendants.

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
F I L E D

APR 2 4 2015

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

## NOTICE OF REMOVAL
### (PURSUANT TO 28 U.S.C. § 1441)

      The Defendants, Boston Police Department, Boston Police Canine Unit, Sean Scannell, Canine Hanz, and Sean Smith, through undersigned counsel, hereby give notice of the removal of this action pursuant to 28 U.S.C. § 1441 from the Suffolk Superior Court, where this action is currently pending. In Superior Court, the case is docketed as Civil Action No. 2015-00716 and has the same caption as above.

      In support of this Notice of Removal, the Defendants state:

      1.     The action appears to be grounded in the laws and Constitution of the United States of America. The Plaintiff alleges that the Boston Police Department as well as Officer Scannell and Sargent Smith violated his civil rights. See Plaintiff's Summons and Complaint (attached as Exhibit A). Plaintiff's Complaint appears to allege violations of his rights under the Fourth and Fourteenth Amendments for arrest "without justification", excessive force, and discriminatory policies of the Boston Police Department. Id.

2.     Accordingly, the Plaintiff's claims for relief arise under the Constitution, treaties, or laws of the United States.    Therefore, this action is subject to removal under 28 U.S.C. § 1441(b).

3.     Although Plaintiff also cites the Massachusetts Declaration of Rights and the Massachusetts Tort Claims Act c. 258 §4, a fair reading of Plaintiff's Complaint as a whole makes it apparent that federal constitutional law and issues are essential to this case, and therefore Defendants have a statutory right to remove this action.

4.     This notice of removal has been filed within thirty (30) days from service of Plaintiff's complaint upon the Defendants.  See Exhibit A.

5.     At this time, Officer Scannell's and Sargent Smith's requests to the Police Commissioner for representation, per City of Boston policy, are still pending. Therefore at this time Assistant Corporation Counsel Katherine N. Galle's appearance on behalf of Scannell and Smith is limited only to the filing of this Notice of Removal.

Respectfully submitted,
BOSTON POLICE DEPARTMENT,
BOSTON POLICE CANINE UNIT,
CANINE HANZ, SEAN SCANNELL,
and SEAN SMITH

By its attorney,
Eugene L. O'Flaherty
Corporation Counsel

/s/ Katherine N. Galle
Katherine N. Galle (BBO# 691660)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4097
Katherine.Galle@boston.gov

## CERTIFICATE OF SERVICE

I, Katherine N. Galle, hereby certify that on this date I served a copy of the foregoing document via U.S. mail to the Plaintiff acting pro se at:

Ulysses Pena (ID 63571)
Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, MA 02360

4/17/2015
Date

/s/ Katherine N. Galle
Katherine N. Galle

I HEREBY ATTEST AND CERTIFY ON

April 27, 2015 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# SUCV2015-00716
## Pena, #63571 v Scanell, Boston Police Officer et al

| | | | |
|---|---|---|---|
| **File Date** | 03/13/2015 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 04/27/2015 | **Session** | G - Civil G, 3 Pemberton Square, Boston |
| **Origin** | 1 - Complaint | **Case Type** | E96 - Prisoner Cases |
| **Track** | F - Fast track | **Lead Case** | |

**Jury Trial**    No

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 07/11/2015 | 07/11/2015 | 01/07/2016 | 02/06/2016 | | |
| **Filed By** | 06/11/2015 | 07/11/2015 | 08/10/2015 | 08/10/2015 | | 03/07/2016 | | 01/01/2017 |
| **Heard By** | | | 09/09/2015 | 09/09/2015 | | | 07/05/2016 | |

### PARTIES

**Plaintiff**
Ulysses Pena, #63571
Plymouth County Corr. Facility
26 Long Pond Rd
Plymouth, MA 02360
Active (prisoner) 03/16/2015 Notify

**Defendant**
Sean Scanell, Boston Police Officer
Service pending 03/13/2015

**Private Counsel 691660**
Katherine Galle
Boston (City of) Law Dept
1 City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-4034
Fax: 617-635-6199
Active 04/27/2015 Notify

**Defendant**
Hanz, Boston Police Canine handled by Sean
Scannell
Service pending 03/13/2015

\*\*\* See Attorney Information Above \*\*\*

**Defendant**
Sean Smith, Boston Police Officer
Service pending 03/13/2015

\*\*\* See Attorney Information Above \*\*\*

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2015-00716
## Pena, #63571 v Scanell, Boston Police Officer et al

| **Defendant** | *** See Attorney Information Above *** |
|---|---|
| Boston Police Department | |
| Service pending 03/13/2015 | |

| **Defendant** | *** See Attorney Information Above *** |
|---|---|
| Boston Police Canine Unit | |
| Service pending 03/13/2015 | |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/13/2015 | 1.0 | Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs, allowed subject to review by Judge (IMPOUNDED) |
| 03/13/2015 | 2.0 | Complaint |
| 03/13/2015 | | Origin 1, Type E96, Track F. |
| 03/13/2015 | 3.0 | Civil action cover sheet filed (n/a) |
| 03/13/2015 | 4.0 | Plaintiff Ulysses Pena's MOTION for appointment of counsel |
| 03/13/2015 | 5.0 | Motion of Plaintiff for service by First Class Mail. |
| 03/16/2015 | 6.0 | ORDER TO COUNTY SHERIFF TO PROVIDE CERTAIN INFORMATION REGARDING INMATE ACCOUNT RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE AND PROCEED IN FORMA PAUPERIS -- The plaintiff in the above-captioned action has filed a motion to waive the filing fee and court costs (normal) and to proceed in forma pauperis. Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently incarcerated shall file a document showing the current status of the plaintiff's canteen account and savings account, if any, and the account activity for the past six (6) months. The document shall be filed within thirty (30) days of the date of this order. The statement is to be mailed to: SUFFOLK SUPERIOR COURT, CIVIL CLERK'S OFFICE, PRISONER DEPARTMENT, ROOM 1203, THREE PEMBERTON SQUARE, BOSTON, MA. 02108. By the Court, (Robert L. Ullmann, Justice) Notice Sent 03/16/2015 |
| 03/16/2015 | 7.0 | ORDER: After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action: Service is to be made upon defendants by means of certified mail at the plaintiff's expense, and you must return to the court the original summons with the return receipt card for each defendant. (Robert L. Ullmann, Justice) Notice Sent 03/16/2015 |
| 03/16/2015 | | Five summonses mailed to plaintiff this day |

*MASXP-20110425          Case 1:15-cv-11631-WGY   Document 8   Filed 04/29/15   Page 6 of 24          04/27/2015
langbei                    Commonwealth of Massachusetts                                               01:14 PM
                              SUFFOLK SUPERIOR COURT
                                    Case Summary
                                    Civil Docket

## SUCV2015-00716
## Pena, #63571 v Scanell, Boston Police Officer et al

| Date | Paper | Text |
|---|---|---|
| 03/16/2015 | | On 03/16/2015, Order P#6 sent to INMATE ACCOUNTS, PLYMOUTH COUNTY CORRECTIONAL FACILITY, requesting a canteen account for (6) months |
| 03/30/2015 | | Motion (P#4) DENIED. There is no entitlement to counsel in civil cases. (Robert L. Ullmann, Justice) Notices mailed 03/30/2015 |
| 04/03/2015 | 8.0 | ORDER: NOTICE OF WAIVER OF COURT COSTS AND REQUEST FOR PAYMENT TO BE WITHDRAWN FROM ACCOUNT (PURSUANT TO G.L. c. 261 sec. 29) The prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee of $275.00 and court costs (normal) and to proceed in forma pauperis. After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders: The plaintiff is ordered to pay a lump-sum payment of $25.00 in order to proceed. The court further finds that requiring additional installment payments would create an undue administrative burden for the court. The prisoner's name and case number MUST be noted on each remittance. Payment is to be made by way of check or money order payable to the Suffolk Superior Court Clerk by 05/04/2015. Payment should be mailed to : SUFFOLK SUPERIOR COURT, CIVIL CLERK'S OFFICE, PRISONER DEPARTMENT, ROOM 1203, THREE PEMBERTON SQUARE, 12TH FLOOR, BOSTON, MA. 02108. By the Court (Robert L. Ullmann, Justice) Notice Sent 04/03/2015 |
| 04/03/2015 | | Motion (P#5) Denied. Plaintiff shall serve defendants by CERTIFIED MAIL as set forth in this Court's order, Paper #7, dated 03/16/2015 (Robert L. Ullmann, Justice) Notice Sent 04/03/2015 |
| 04/24/2015 | | Copy of Petition for Removal to US Dist Court of defendants(US Dist #15-cv-11631) |
| 04/27/2015 | | CASE REMOVED THIS DATE TO US DISTRICT COURT OF MASSACHUSETTS |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON
April 27, 2015 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
Asst./Clerk



# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET#: **SUCV2015-00716-G**

RE:    Pena, #63571 v Scanell, Boston Police Officer et al

TO:    Ulysses Pena, #63571
       Plymouth County Corr. Facility
       26 Long Pond Rd
       Plymouth, MA 02360

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **03/13/2015** the following entry was made on the above referenced docket:

**Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs, allowed subject to review by Judge (IMPOUNDED)**
Dated at Boston, Massachusetts this 16th day of March, 2015.

Michael Joseph Donovan,
Clerk of the Courts

BY: Timothy Walsh
Assistant Clerk

Telephone: 617-788-8121

I HEREBY ATTEST AND CERTIFY ON
April 27, 2015 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130** cvdgeneric_2.wpd 4651650 affind hegartym

DISTRICT OF MASSACHUSETTS

ULYSSES PENA        15-0716 
PLAINTIFF
V.

BOSTON POLICE OFFICER SEAN SCANNELL,
BOSTON POLICE CANINE HANZ,
BOSTON POLICE SERGEANT SEAN SMITH,
BOSTON POLICE DEPARTMENT,
BOSTON POLICE CANINE UNIT,
                    DEFENDANTS

## COMPLAINT INTRODUCTION

THIS IS AN ACTION OF DELIBERATE AND INTENTIONAL EXCESSIVE FORCE, THAT HAS CAUSED SEVERAL ISSUES OF ASSAULT AND BATTERY, MAYHEM, AND DISFIGUREMENT BROUGHT ABOUT BY THE POLICE POLICY TO RELEASE ANIMALS ON HUMANS, AND SERGEANT SMITH GIVING THE ORDER TO POLICE OFFICER SCANNELL TO RELEASE CANINE HANZ, THUS CAUSING THE INJURIES. THIS IS FOR DECLARATORY JUDGMENT PURSUANT TO G.L.C. 231A, EQUITABLE RELIEF PURSUANT TO G.L.C. 214, SECTION 1, AND FOR DAMAGES PURSUANT TO 42 U.S.C. 1983, AND OTHER KNOWN AND UNKNOWN STATUTORY PROTECTIONS, BROUGHT BY PLAINTIFF, ULYSSES PENA. PLAINTIFF ALSO CHALLENGES THE ILLEGALITY OF THE PROCEDURE OF BOSTON POLICE POLICY/POLICIES TO RELEASE THE CANINES, AND THE CONSTITUTIONALITY OF IT. DEFENDANTS ACTIONS HAVE VIOLATED MASSACHUSETTS AND FEDERAL LAW, AS WELL AS DEPARTMENT OF BOSTON POLICE REGULATIONS.


## PARTIES PLYMOUTH Co. CORR FAC, 26 LONG POND RD PLYMOUTH, MA 02360

1. PLAINTIFF, ULYSSES PENA, IS A SOVEREIGN OF MASSACHUSETTS AND A RESIDENT OF THE COMMONWEALTH.
2. DEFENDANT, SEAN SCANELL, IS A BOSTON POLICE OFFICER. HE IS SUED IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

3. DEFENDANT, HANZ, IS A BOSTON POLICE CANINE HANDLED BY POLICE OFFICER SCANNELL. HE/SHE IS SUED IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

4. DEFENDANT, SEAN SMITH, IS A BOSTON POLICE OFFICER IN A SUPERVISION POSITION AS SERGEANT, HE IS SUED IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

5. DEFENDANT, THE BOSTON POLICE DEPARTMENT. HE/SHE IS SUED IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

6. DEFENDANT, THE BOSTON POLICE CANINE UNIT. HE/SHE IS SUED BOTH IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

## FACTS

1. ON OR ABOUT APRIL 6, 2013, THE PLAINTIFF BEING HOMELESS, WAS ASLEEP IN A BASEMENT ON MARIMON STREET IN THE JAMAICA PLAIN SECTION OF BOSTON, MASSACHUSETTS.

2. THAT NIGHT ABOUT 7:00 P.M., UNBEKNOWN TO THE PLAINTIFF, BOSTON POLICE WERE LOOKING FOR A SUSPECT IN AN ATTEMPTED B+E OF A MOTOR VEHICLE IN THE AREA.

3. SERGEANT SEAN SMITH ORDERED THAT A CANINE UNIT BE CALLED TO SCENE, TO SEARCH FOR POSSIBLE SUSPECTS.

4. POLICE OFFICER AND HIS CANINE, HANZ, CAME ON THE SCENE AND SOMEHOW THE PLAINTIFF BECAME THE OBJECT OF POLICE OFFICER SCANNELL AND HANZ'S INVESTIGATION WITHOUT IDENTIFICATION, JUST THE OFFICER HANZ PICKING UP A SMELL WITHOUT JUSTIFICATION.

5. AS THE PLAINTIFF WAS STIRRED FROM HIS SLEEP, HE WAS ASSAULTED AND ATTACKED BY A DOG, THE DOG UNBEKNOWN TO HIM WAS HANZ, LET LOOSE BY HIS HANDLER.

6. SERGEANT SMITH GAVE POLICE OFFICER SCANNELL

THE ORDER TO RELEASE HANZ, UNDER A REASONABLE APPREHENSION OF IT BEING A CONSPIRED ACT WITH THE KNOWN RISK TO ANY PERSON THE DOG IS RELEASED UPON.

7. THE BOSTON POLICE POLICY CONCERNING THE RELEASING OF POLICE CANINES IS VAGUE AND DISCRIMINATORY WHERE IT IS AT THE DISCRETION OF THE OFFICERS "WHIM" ON WHO TO RELEASE THE DOG ON OR NOT.

8. IN THE USE OF RELEASING THE POLICE CANINE, POLICE OFTEN RELEASE THE ANIMAL IN HIGHLY POPULATED BLACK AND HISPANIC NEIGHBORHOODS AS OPPOSED TO WHITE NEIGHBORHOODS.

9. CANINE HANZ, HAD REPEATEDLY BITTEN PENA IN THE HANDS (DEFENSIVE MARKS) HEAD, ARMS + LEGS, AND WAS CHEWING ON HIS FLESH.

10. THE PLAINTIFF, BLOODY AND MISFIGURED BY HANZ'S ASSAULTS, PLEADED FOR THE POLICE TO GET THE DOG OFF HIM.

11. POLICE OFFICER SCANNELL INSTEAD TAUNTED AND WAS MALICIOUS ALLOWING THE ASSAULT TO CONTINUE WITHOUT STOPPING IT. THE MAL VIOLENCE OF THE ASSAULT CONTINUED UNDER THE GUISE OF "STOP RESISTING, GET ON THE FLOOR FACE DOWN, HANDS OUT" WHILE HANZ CONTINUED IT'S ASSAULT.

12. AFTER ABOUT 5-10 MINUTES OF HANZ ASSAULTS, POLICE OFFICER SCANNELL AWKWARDLY TWISTED PLAINTIFFS ARMS JUST SHORT OF THE BREAKING POINT, WITH HIS KNEE IN HIS BACK, THEN ON HIS BLOODY HEAD, BANGING HIS HEAD INTO THE GROUND A FEW TIMES WHILE CANINE HANZ CONTINUED TO BITE HIM.

13. PLAINTIFF NEVER STRUCK THE CANINE HANZ NOR DID HE EVER RESIST ARREST, THOUGH HE WAS ORIGINALLY CHARGED WITH DOING SO.

14. WHEN PLAINTIFF WAS FINALLY HANDCUFFED, POLICE OFFICER SCANNELL YELLED "WE'RE GOING TO CHARGE YOU WITH HOME INVASION AND EVERYTHING WE CAN!

15. PLAINTIFF WAS IMMEDIATLY TAKEN TO BRINGHAM AND WOMANS HOSPITAL, WHERE HIS HEAD WAS ALREADY CRACKED OPEN AND REQUIRED ATLEAST 5 STAPLES TO BE HELD BACK IN PLACE. HIS RIGHT REQUIRED 7 to 10 STITCHES TO BE PUT BACK IN PLACE DUE TO CANINE BITES AND ATLEAST 5 STITCHES ON HIS LEFT ARM.

16. PLAINTIFF HAS SUFFERED HEAD TRAUMA, HEADACHES, LOSS OF MEMORY, BRAIN DAMAGE, NIGHTMARES, MENTAL DURESS AND ALSO HAS PERMANENT SCARING ON HIS HEAD, ARMS, AND WRIST DUE TO THE CANINE BITES AND EXCESSIVE FORCE USED BY THE BOSTON POLICE CANINE UNIT.

## CLAIMS FOR RELIEF

1. THE ACTIONS OF THE DEFENDANTS VIOLATED THE PLAINTIFFS DUE PROCESS RIGHTS AS ESTABLISHED BY THE BOSTON POLICE DEPARTMENT PROCEDURES, MASSACH-USETTS CONSTITUTION AND DECLARATION OF RIGHTS, UNITED STATES CONSTITUTION AND BILL OF RIGHTS AMENDMENTS PROMULGATED IN THE STATUES, AND OR OTHER.

2. THE ACTIONS OF THE DEFENDANTS ILLEGALITY WAS DONE BY OFFICIALS ACTING UNDER THE COLOR OF LAW, YET THE ACTS WERE COMMITED WITH A PRIVATE AGENDA.

3. THE DEFENDANTS KNEW THE ASSUMPTION OF RISK TO THE PLAINTIFF BY THEIR ACTION YET STILL WERE NEGLIGENT NEGLIGENT AND INTENTIONAL IN ALL ACTIONS IN BOTH CAPACITIES.

4. THE ACTIONS OF THE DEFENDANTS, WHO ARE BOSTON POLICE OFFICERS ACTING UNDER COLOR OF LAW, VIOLATED 42 U.S.C. 1983

## PRAYERS FOR RELIEF

WHEREFORE, THE PLAINTIFF REQUESTS THIS HONORABLE COURT:

1. REVIEW THE DEFENDANTS ACTIONS THEREBY

DECLARATORY JUDGEMENT OR SUMMARY JUDGEMENT STANDARDS ARISING OUT OF THE EXCESSIVE FORCE, AND WETHER THEIR ACTIONS WERE JUST AND IN ACCORD WITH THOSE IN PUBLIC OFFICE AND IF NOT, DID THEY VIOLATE ANY OF THE PLAINTIFFS ESTABLISHED RIGHTS, OR OTHER.

2. DECLARE THE PUBLIC EMPLOYERS VIOLATED THE MASSACHUSETTS TORT ACT G.L.C. 258, 4, BY THEIR FAILURE TO ADHERE TO THE PREREQUISITE OF THE STATUTE THUS DEFAULTED AND ANY DEFENSE IS MOOT, THUS DECLARATORY OR SUMMARY JUDGEMENT IS WARRANTED IN THE AMOUNT OF $7,000,000 U.S. DOLLARS.

3. DECLARE THE ACTIONS OF THE DEFENDANTS VIOLATED THE LAWS OF THE CONSTITUTION OF MASSACHUSETTS, MASSACHUSETTS DECLARATION OF RIGHTS, UNITED STATES CONSTITUTION, BILL OF RIGHTS, AMENDMENTS, STATUTES, POLICIES AND OTHER.

4. GRANT DAMAGES TO THE PLAINTIFF PURSUANT TO 42 U.S.C. 1983 AND THE MASSACHUSETTS DECLARATION OF RIGHTS AND THE UNITED STATES BILL OF RIGHTS AND AMENDMENTS FOR THE ABUSE HE SUFFERED.

5. GRANT PLAINTIFF COST AND ATTORNEY FEES: AND

6. GRANT SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED,

_Ulysses Pena_

ULYSSES PENA, PROSE
PCCF
26 LONG POND RD, PLYMOUTH, MA, 02360

I, ULYSSES PENA, HEREBY CERTIFY AND VERIFY THAT THE FACTS HERE IN ARE TRUE TO THE BEST OF MY KNOWLEDGE FIRSTHAND UNDER THE PAINS AND PENALTY OF PERJURY.

DATE: 3/2/2015

I HEREBY ATTEST AND CERTIFY ON

April 27, 2015    , THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margarie M Sellen_
Asst. Clerk

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF | DOCKET NO. 15-0716 |
|---|---|---|

**PLAINTIFF(S)** ULYSSES PENA

**DEFENDANT(S)** Boston P.D. SEAN SCANNELL
Boston Police Sergeant SCANNELL, Bear Pound
Bear Pound, Boston Police Department, Boston Police Dept

Type Defendant's Attorney Name

Plaintiff Atty

Address

City    State    Zip Code

Tel.    BBO#

Defendant Atty

Address

City    State    Zip Code

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E~~~~ | Personal Injury | F | [X] Yes  [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

I WAS BIT BY A CANINE POLICE DOG UNDER THE CONTROL OF THE BOSTON POLICE.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses    $ 4214.95
2. Total doctor expenses    $
3. Total chiropractic expenses    $
4. Total physical therapy expenses    $
5. Total other expenses (describe)    $
   Subtotal  $
B. Documented lost wages and compensation to date    $
C. Documented property damages to date    $
D. Reasonably anticipated future medical expenses    $
E. Reasonably anticipated lost wages and compensation to date    $
F. Other documented items of damages (describe)    $
G. Brief description of plaintiffs injury, including nature and extent of injury (describe)
PAIN + SUFFERING, LOSS OF WAGES, PERMANENT DISFIGUREMENT
   Total $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

   TOTAL    $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record X _____    Date: X MARCH 9, 2015
A.O.S.C. 3-2007

I HEREBY ATTEST AND CERTIFY ON
April 27, 2015 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY _____
Asst. Clerk

15-0716   4

G

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPERIOR COURT
                               CIVIL ACTION NO.

ULYSSES PENA,
PLAINTIFF,
V.
BOSTON POLICE OFFICER SEAN SCANNELL,
BOSTON POLICE CANINE HANZ,
BOSTON POLICE SERGEANT SEAN SMITH,
BOSTON POLICE DEPARTMENT,
BOSTON POLICE CANINE UNIT,
DEFENDANTS.

MOTION FOR APPOINTMENT OF COUNSEL

PLAINTIFF HEREBY MOVES THIS COURT FOR AN ORDER
APPOINTING COUNSEL TO REPRESENT HIM IN THE
ABOVE-ENTITLED ACTION. AS GROUNDS THEREFORE,
PLAINTIFF STATES THAT HE IS INDIGENT, HAS FILED
AN AFFIDAVITT OF INDIGENCY, IS CURRENTLY
CONFINED AT PLYMOUTH COUNTY CORRECTIONAL
FACILITY, AND IS UNABLE TO AFFORD PRIVATE
COUNSEL.

RESPECTFULLY SUBMITED,
ULYSSES PENA, PROSE
#63571
DATE: 3/2/2015        P.C.C.F
26 LONG POND ROAD
PLYMOUTH, MASS.
02360

I HEREBY ATTEST AND CERTIFY ON
April 27, 2015, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
Asst. Clerk

3-30-15
Motion Denied there is no entitlement to
counsel in civil cases.
attested to Timothy Walsh
asst clerk.

NOTICE SENT: 03/30/2015 (ah)
U.P.- (Pro Se)

5

COMMONWEALTH of MASSACHUSETTS 15-0716 G

SUFFOLK, SS.                              SUPERIOR COURT
                                          CIVIL ACTION NO.

**NOTIFY**   ULYSSES PENA,
                  PLAINTIFF,
                     V.
BOSTON POLICE OFFICER SEAN SCANNELL,
BOSTON POLICE CANINE HANZ,
BOSTON POLICE DEPARTMENT,
BOSTON POLICE SERGEANT SEAN SMITH,
BOSTON POLICE CANINE UNIT,
          DEFENDANTS

MOTION OF PLAINTIFF FOR SERVICE BY FIRST CLASS MAIL

PLAINTIFF HEREBY MOVES THIS COURT IN ORDER THAT
SERVICE OF COMPLAINT BE EFFECTED BY REGULAR
FIRST CLASS MAIL. AS GROUNDS THEREFORE, PLAINTIFF
STATES THAT HE IS A PRISONER CURRENTLY CONFINED
AT PLYMOUTH COUNTY CORRECTIONAL FACILITY AND IS
INDIGENT, AS DEMINSTRATED BY THE ATTACHED
AFFIDAVIT OF INDIGENCY. IN THE ALTERNATIVE, PLAINTIFF
REQUESTS THAT SERVICE BE EFFECTED BY CERTIFIED
MAIL.

NOTICE SENT:   04/03/2015   (ah)
U.P.- (Pro Se)

DATE: 3/2/2015

RESPECTFULLY SUBMITTED,
ULYSSES PENA, PROSE
#63571
P.C.C.F
26 LONG POND ROAD
PLYMOUTH, MASS.
02360

I HEREBY ATTEST AND CERTIFY ON
April 27, 2015        , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst / Clerk

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2015-00716**

Ulysses Pena, #63571,
                Plaintiff(s)

vs.

Sean Scanell, Boston Police Officer, Hanz, Boston Police Canine handled by Sean Scannell, Sean Smith, Boston Police Officer, Boston Police Department, Boston Police Canine Unit,
                Defendant(s)

Mr. Ulysses Pena, #63571
Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, Ma,. 02360

### ORDER TO COUNTY SHERIFF TO PROVIDE CERTAIN INFORMATION REGARDING INMATE ACCOUNT RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE AND PROCEED IN FORMA PAUPERIS

The plaintiff in the above-captioned action has filed a motion to waive the filing fee and court costs (normal) and to proceed in forma pauperis.

Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently incarcerated shall file a document showing the current status of the plaintiff's canteen account and savings account, if any, and the account activity for the past six (6) months. The document shall be filed within thirty (30) days of the date of this order. <u>The statement is to be mailed to:</u>

**SUFFOLK SUPERIOR COURT**
**CIVIL CLERK'S OFFICE**
**PRISONER DEPARTMENT, ROOM 1203**
**THREE PEMBERTON SQUARE**
**BOSTON, MA. 02108**

Dated at Boston, Massachusetts this 16th day of March, 2015.

**NOTICE SENT:**   03/16/2015   **(ah)**      By the Court, (Robert L. Ullmann, Justice)
**U.P.**           **J.D.M.**
**(PRO SE)**       **SHERIFF**

BY: _Marguet M. Sellm_
                Assistant Clerk

I HEREBY ATTEST AND CERTIFY ON
April 27, 2015        , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Marguet M. Sellm_
     Asst. Clerk

7

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                NO.   15-00716-G

PRISONER PETITIONS – CIVIL ACTION DISPOSITION SHEET

TO:          ULYSSES PENA, #63571
ADDRESS:     PLYMOUTH COUNTY CORRECTIONAL FACILITY
             26 LONG POND ROAD
             PLYMOUTH, MA. 02360

DATE:

After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action:

( ) (See attached Order)

(✓) Service is to be made upon defendant(s) by means of (certified) (~~~~) mail by plaintiff(s).

( ) A copy of the complaint is to be sent to the Office of the Attorney General or the Department of Corrections by the plaintiff(s).

( ) a copy of the petition is to be sent to the Mass. Correction Legal Service for review and report as to legal representation in this matter.

( ) The trial date of this case will be scheduled by the Clerk's Office and you will be notified.

( ) The case is to be heard by the Court on the basis of briefs and affidavits only on _____, pursuant to the (plaintiff's) (defendant's) motion _____.

( ) _____

NOTICE SENT:   03/16/2015   (ah)
U.P.- (Pro Se)

SUMMONSES, ETC. MAILED

( ) The correspondence is to be returned to you because:

( ) it fails to state a claim upon which relief can be granted.

( ) it is a duplication of your pending case in this Court.

( ) it fails to comply with the procedural requirements of Mass. G.L. 258 (Mass. Tort Claims Act) of providing six months notice to the defendant prior to the filing of a complaint and specifically naming the Commonwealth as a defendant.

( ) It fails to state that the proper administrative remedies have been exhausted.

( ) It is incomprehensible.

DATE: 3/16/15

(Ullmann,     J.)

ATTEST: Margaret M. Sullm
        ASSISTANT CLERK

I HEREBY ATTEST AND CERTIFY ON
April 27, 2015 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: Margaret M. Sullm
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                             SUPERIOR COURT

## NOTICE

## RE:   CIVIL PRISONER COMPLAINTS

Your return of service must be in compliance with the Court's endorsement entered on your complaint at the time of entry. If a complaint is to be served by certified mail, the return must be accompanied Certified with Return Receipt Card. If the receipts are unavailable, the return should be accompanied by Affidavit of Service stating that the complaint was served by certified mail. Additionally, all documents filed in Court must contain an original signature. Failure to comply with these rules will result in the returning of documents.

_____

Assistant Clerk

DATE:

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                    SUPERIOR COURT

## SPECIAL AMENDMENT TO SUPERIOR COURT RULE 9A
## FOR INMATE CIVIL CASES

Inmates who have Civil Cases pending in Superior Court will not be required to comply with the

changes in Rule 9A which became effective in January, 1990. That is, instead of "packaging" motions

and responses thereto, as required by the amended Rule 9A, inmates may follow the old Rule 9A

which allows direct mailing of all motions and responses to the Clerk-Magistrate's Office. This Special

Amendment will relieve inmates of the burden of packaging motions and responses, and also save

them the cost of mailing said package to the Clerk's Office.

Judith Fabricant
e, J.
Chief Justice of the Superior Court

Date_____

Case to enter w/o fee. Plaintiff(s) to serve by certified mail, copy
to Attorney General. Summonses sent to Plaintiff at no cost.
Hearing   set   for

_____

_____

(            )              ATT:_____

Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                      SUPERIOR COURT

ADMINISTRATIVE DIRECTIVE   92-1

      This administrative directive is implemented to address the unique problems that often accompany a civil action that is filed by someone who is incarcerated. Its aim is to promote a just and speedy resolution of these civil actions by ensuring:

     1.     That upon filing, the complaint is entered expeditiously and appropriate notice is sent.

     2.     That all named parties receive actual notice of the litigation.

     3.     That the cases proceed in a timely and cost effective manner.

      Accordingly, it is ordered that upon the filing of the complaint, the Clerk is to pass upon the sufficiency of the affidavit of indigency ( in almost all cases, the prisoner is indigent but has access to limited funds) and if indigent, to authorize service of process by certified mail on all named defendants - copy to the Attorney General. With notification of this action, the Clerk is to provide the plaintiff with the appropriate number of blank summonses. It is the obligation of the plaintiff to provide the requisite number of copies of the complaint and to complete the summons to perfect service. In those rare instances wherein the plaintiff has no funds, (ex: not in the general population of the prison), service may be authorized by regular mail and the Court is to provide the appropriate number of blank summonses.

      With the notice of the Court's action, the plaintiff is also to be notified of what is required in filing a return of service and of the waiving of that part of Superior Court Rule 9A which requires the packaging of motions and responses thereto.

      When a complaint filed by an inmate requires other that money damages, the complaint is to be reviewed by a justice for whatever action he or she deems appropriate. For example, it is the discretion of the justice to decide a requisite for a preliminary injunction upon the submissions and not the presence of the inmate.

      This administrative directive is to take effect forthwith.

                        Judith Fabricant
                                   , J.

                        Chief Justice of the Superior Court

Dated: May 1, 1992

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

8

CIVIL DOCKET#: **SUCV2015-00716**

NOTIFY

Ulysses Pena, #63571,
          Plaintiff(s)
vs

Sean Scanell, Boston Police Officer, Hanz, Boston Police Canine handled by Sean Scannell, Sean Smith, Boston Police Officer, Boston Police Department, Boston Police Canine Unit,
          Defendant(s)

## NOTICE OF WAIVER OF COURT COSTS AND REQUEST
## FOR PAYMENT TO BE WITHDRAWN FROM ACCOUNT
## (PURSUANT TO G.L. c. 261 sec. 29)

The prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee of $275.00 and court costs (normal) and to proceed in forma pauperis. After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders:

The plaintiff is ordered to pay a lump-sum partial payment of $25.00 in order to proceed. The court further finds that requiring additional installment payments would create an undue administrative burden for the court.

The prisoner's name and case number must be noted on each remittance. Payment is to be made by way of check or money order payable to the Suffolk Superior Court Clerk by **05/04/2015**. Payment should be mailed to

**Suffolk Superior Civil Clerk's Office**
**Suffolk Superior Court**
PRISONER DEPARTMENT, ROOM 1203
**Three Pemberton Square**
**Boston, MA 02108**

Dated: 04/03/2015

By the Court (Robert L. Ullmann, Justice)

NOTICE SENT:     04/03/2015     (ah)
U.P.- (Pro Se)

BY: _Margaret M. Allen_
                    Assistant Clerk

I HEREBY ATTEST AND CERTIFY ON
April 27, 2015
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Allen_
Asst. Clerk

# Plymouth County Correctional Facility



Account #:   63571
Account Name:   PENA, ULYSSES CARLOS
Account Type:   I   INMATE CANTEEN ACCOUNTS
SSN:   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   Indigent:   No

*15 - 0716*

## Account History Report

| Post. Date | Post. Time | Type | Trans. # | Ref. # | From/To | Amount | Balance | Booking # | Batch ID |
|---|---|---|---|---|---|---|---|---|---|
| 2015/03/13 | 12:21 | CNTN | 3196566 | 95064 | OID:100628223-ComisaryPurch-Re | -$27.25 | $81.70 | 21402308 | Purch20150313121625 |
| 2015/03/10 | 14:38 | DPMO | 3195722 | 2256793937 | DULCE PENA | $80.00 | $108.95 | 21402308 | 3/10/15MAIL |
| 2015/03/06 | 11:22 | CNTN | 3194142 | 94803 | OID:100627355-ComisaryPurch-Re | -$31.52 | $28.95 | 21402308 | Purch20150306111358 |
| 2015/02/27 | 13:41 | CNTN | 3191648 | 94605 | OID:100626521-ComisaryPurch-Re | -$27.54 | $60.47 | 21402308 | Purch20150227133042 |
| 2015/02/20 | 17:14 | DPMO | 3190211 | 2256793218 | D PENA | $70.00 | $88.01 | 21402308 | 2/20/15MAIL2 |
| 2015/02/20 | 13:37 | CNTN | 3189299 | 94350 | OID:100625779-ComisaryPurch-Re | -$19.89 | $18.01 | 21402308 | Purch20150220133024 |
| 2015/02/19 | 11:24 | CNTN | 3188664 | 94310 | OID:100625068-ComisaryRefund-R | $1.17 | $37.90 | 21402308 | Purch20150219112340 |
| 2015/02/13 | 10:04 | CNTN | 3187031 | 94137 | OID:100625068-ComisaryPurch-Re | -$23.16 | $36.73 | 21402308 | Purch20150213095617 |
| 2015/02/11 | 15:31 | DPMO | 3186383 | 2246999255 | DULCE PENA | $50.00 | $59.89 | 21402308 | 2/11/15MAIL |
| 2015/02/06 | 13:43 | CNTN | 3184774 | 93941 | OID:100624335-ComisaryPurch-Re | -$25.98 | $9.89 | 21402308 | Purch20150206133802 |
| 2015/02/02 | 09:50 | CNTN | 3182529 | 93726 | OID:100623485-ComisaryPurch-Re | -$23.03 | $35.87 | 21402308 | Purch20150202094131 |
| 2015/01/23 | 12:10 | CNTN | 3180492 | 93572 | OID:100622756-ComisaryPurch-Re | -$28.14 | $58.90 | 21402308 | Purch20150123120551 |
| 2015/01/16 | 10:03 | CNTN | 3178245 | 93397 | OID:100621903-ComisaryPurch-Re | -$23.10 | $87.04 | 21402308 | Purch20150116095800 |
| 2015/01/09 | 11:56 | CNTN | 3176082 | 93164 | OID:100621431-ComisaryPurch-Re | -$32.73 | $110.14 | 21402308 | Purch20150109114215 |
| 2015/01/05 | 15:58 | DPCA | 3174945 | 2232266968 | DULEE PENA | $50.00 | $142.87 | 21402308 | 1/5/15MAIL |
| 2015/01/02 | 10:40 | CNTN | 3173617 | 92901 | OID:100620588-ComisaryPurch-Re | -$37.02 | $92.87 | 21402308 | Purch20150102103022 |
| 2014/12/30 | 16:53 | DPMO | 3172655 | 2246997745 | D PENA | $50.00 | $129.89 | 21402308 | 12/30/14MAIL |
| 2014/12/29 | 17:16 | DPCA | 3172314 | 501682 | THOMAS PENA | $57.00 | $79.89 | 21402308 | 12/29/14AC4 |
| 2014/12/24 | 12:00 | CNTN | 3170893 | 92694 | OID:100619604-ComisaryPurch-Re | -$23.02 | $22.89 | 21402308 | Purch20141224115542 |
| 2014/12/17 | 14:14 | CNTN | 3168142 | 92489 | OID:100618891-ComisaryPurch-Re | -$21.82 | $45.91 | 21402308 | Purch20141217140339 |
| 2014/12/12 | 15:48 | CNTN | 3166118 | 92334 | OID:100618102-ComisaryPurch-Re | -$19.77 | $67.73 | 21402308 | Purch20141212154350 |
| 2014/12/09 | 16:11 | DPMO | 3165212 | 2213667807 | DULCE PENA | $60.00 | $87.50 | 21402308 | 12/9/14MAIL |
| 2014/12/05 | 13:27 | CNTN | 3163700 | 92060 | OID:100617414-ComisaryPurch-Re | -$22.25 | $27.50 | 21402308 | Purch20141205132000 |
| 2014/11/26 | 13:38 | CNTN | 3160787 | 91797 | OID:100616266-ComisaryPurch-Re | -$25.35 | $49.75 | 21402308 | Purch20141126133123 |
| 2014/11/21 | 16:44 | DPMO | 3159758 | 2233003319 | D PENA | $75.00 | $75.10 | 21402308 | 11/21/14MAIL |
| 2014/11/14 | 11:58 | CNTN | 3156436 | 91270 | OID:100614400-ComisaryPurch-Re | -$14.85 | $0.10 | 21402308 | Purch20141114115258 |
| 2014/11/07 | 13:53 | CNTN | 3153978 | 91102 | OID:100613898-ComisaryPurch-Re | -$18.35 | $14.95 | 21402308 | Purch20141107133835 |
| 2014/10/31 | 12:36 | CNTN | 3151184 | 90875 | OID:100612617-ComisaryPurch-Re | -$17.57 | $33.30 | 21402308 | Purch20141031123116 |
| 2014/10/24 | 13:41 | CNTN | 3148749 | 90657 | OID:100611891-Comisar | -$19.23 | $50.87 | 21402308 | Purch20141024133251 |

# Account History Report

| Post. Date | Post. Time | Type | Trans. # | Ref. # | From/To | Amount | Balance | Booking # | Batch ID |
|---|---|---|---|---|---|---|---|---|---|
| 2014/10/21 | 13:42 | DPMO | 3147804 | 2232265260 | yPurch-Re D PENA | $70.00 | $70.10 | 21402308 | 10/21/14MAIL |
| 2014/10/17 | 12:02 | CNTN | 3146430 | 90385 | OID:100610912-Comisar yPurch-Re | -$5.62 | $0.10 | 21402308 | Purch20141017115658 |
| 2014/10/10 | 12:03 | CNTN | 3143961 | 90161 | OID:100609868-Comisar yPurch-Re | -$18.55 | $5.72 | 21402308 | Purch20141010115550 |
| 2014/10/03 | 13:18 | CNTN | 3141301 | 89919 | OID:100609166-Comisar yPurch-Re | -$14.80 | $24.27 | 21402308 | Purch20141003131212 |
| 2014/09/26 | 11:01 | CNTN | 3138757 | 89673 | OID:100608321-Comisar yPurch-Re | -$31.78 | $39.07 | 21402308 | Purch20140926105246 |
| 2014/09/19 | 16:43 | DPMO | 3137167 | 2220851189 | DULEE PENA | $70.00 | $70.85 | 21402308 | 9/19/14MAIL |



RECEIVED

MAR 23 2015

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE